IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDREW J. DICKS, #336-138 | : |
| Plaintiff | : |
| v. | :     CIVIL ACTION NO. GLR-14-1463 |
| WARDEN BOBBY P. SHEARIN<br>COLIN OTTEY, MD<br>GREG FLURY<br>JAMES HUNT<br>JENNIFER BRADFIELD<br>LISA SHELL<br>AVA JOUBERT<br>MICHELE SCHULTZ<br>AMANDA SWAN<br>KIMBERLY HIENBAUGH, RN<br>QUINTA LUM, RN<br>DAWN HAWK, RN<br>KRISTI CORTEZ, RN | :<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>: |
| Defendants | : |

**MEMORANDUM OPINION**

Pending before the Court are Plaintiff Andrew J. Dicks's Motion for Preliminary Injunction (ECF No. 4); Defendants', Colin Ottey, Greg Flury, James Hunt, Jennifer Bradfield, Lisa Shell, Ava Joubert, Michele Schultz, Kimberly Hienbaugh, Quinta Lum, Dawn Hawk, and Kristi Cortez (the "Medical Defendants"),[1] Motion to Dismiss (ECF No. 13) and Motion to Strike (ECF No. 27); and Defendant Warden Bobby P. Shearin's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 23). Having considered the Motions, and Responses thereto (ECF Nos. 7, 16, 25, 26, 28), the Court finds no hearing necessary pursuant to

---

[1] Counsel advises the Court that there is no health care provider by the name of "Amanda Swan" working at North Branch Correctional Institution in Cumberland, Maryland. ECF No. 8. "Amanda Swan" shall be dismissed without prejudice.

Local Rule 105.6 (D.Md. 2014).  For the reasons stated below, the Court will deny the Motion for Preliminary Injunction (ECF No. 4), Motion to Dismiss (ECF No. 13), and Motion to Strike (ECF No. 27); and grant Shearin's Motion for Summary Judgment.

## I. BACKGROUND[2]

Plaintiff alleges he has been suffering from skin lesions that have spread to various areas of his body.  Plaintiff states the rash started in June of 2012.  Plaintiff states the Medical Defendants examined him on several occasions between June 2012 and March 2014, and prescribed topical creams and medications, all of which were ineffective.  Plaintiff also alleges, however, specific instances where the Medical Defendants refused to examine him and he was denied treatment.  Plaintiff states he has been denied testing and diagnoses, and he has been given inadequate treatment in violation of the Eighth Amendment.

## II. DISCUSSION

### A.   **Non-Dispositive Motions**

Plaintiff is self-represented; as such, his Complaint and pleadings are to be construed liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Although he captions his November 20, 2014 correspondence as a "Supplemental Complaint" (ECF No. 26), the Court will construe the letter as a supplemental response to the Medical Defendants' Motion to Dismiss and deny the Medical Defendants' Motion to Strike (ECF No. 27).

Plaintiff seeks a preliminary injunction requiring his transfer "to an outside hospital" for treatment for his skin condition.  ECF No. 4.  A preliminary injunction is an extraordinary and drastic remedy.  See Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citing 11A C. Wright, et al., Federal Practice and Procedure § 2948, p. 129 (2d ed. 1995)).  To obtain a preliminary

---

[2] Unless otherwise noted, the following facts are taken from the Complaint and are viewed in a light most favorable to Plaintiff.

injunction, a movant must demonstrate: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  All four of the requirements must be established independently.  The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

The Court finds Plaintiff has not demonstrated that he will suffer irreparable injury if he is not immediately transported to an outside hospital.  Furthermore, Plaintiff indicates that he was recently sent to an outside specialty clinic for assessment of his skin disease.  ECF No. 26.  Accordingly, Plaintiff's Motion for Preliminary Injunction will be denied.

**B.** **Dispositive Motions' Standard of Review**

**1. Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

**2. Motion for Summary Judgment**

"When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998)

(alteration in the original) (quoting Fed. R. Civ. P. 12(b)) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

In reviewing a motion for summary judgment, the Court draws all reasonable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

**3. Eighth Amendment**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). Prisoners are entitled to reasonable medical care. Blanks v. Cunningham, 409 F.2d 220, 221 (4th Cir. 1969) (citing Hirons v. Director, 351 F.2d 613 (4th Cir. 1965)). To state a

constitutional claim for inadequate medical care, however, a plaintiff must demonstrate deliberate indifference to a serious medical need. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)); Farmer v. Kavanagh, 494 F.Supp.2d 345, 361 (D.Md. 2007).

"Deliberate indifference" requires that the defendant prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Johnson, 145 F.3d at 167 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)) (internal quotation marks omitted). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a [42 U.S.C.] § 1983 [(2012)] claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3rd Cir. 1970)). Questions of medical judgment are not subject to judicial review, and neither malpractice nor negligent diagnosis states a constitutional violation under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105-06; Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986).

**C.    Analysis**

    **1. Medical Defendants' Motion**

The Medical Defendants are employed by Wexford Health Sources, Inc. ("Wexford"), the prison health care provider under contract with Maryland's Department of Public Safety and Correctional Services. Defendants contend the action should be dismissed because Plaintiff failed to complete administrative remedies prior to filing suit. ECF No. 13-1. Pursuant to Federal Rule of Civil Procedure 12(b)(1), the question of subject matter jurisdiction may be raised by the parties at any stage of the litigation. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 197 (4th Cir. 2008). Upon a challenge to jurisdiction, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of

subject matter jurisdiction.  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also United States ex. rel. Vuyyuru v. Jadhau, 555 F.3d 337, 347 (4th Cir. 2009).

A facial challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed by "asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction'"  Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); see also Buchanan v. Consol. Stores Corp., 125 F.Supp.2d 730, 736 (D.Md. 2001).  In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  Kerns, 585 F.3d at 192; see also Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

The Medical Defendants contend the allegations in the Complaint are at most premised on medical negligence or malpractice and constitute a state tort claim.  The Medical Defendants state, prior to filing his federal lawsuit, Plaintiff did not pursue such a claim with the Health Care Alternative Dispute Resolution Office, as required under Maryland law.[3]  The Court, however, finds the Complaint alleges an Eighth Amendment claim for failure to provide medical care. "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment."  De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).  In the context of denial of medical care, an Eighth Amendment violation can arise when a prisoner is suffering from a serious medical need, medical staff is aware of the need, and failed to provide it.  Farmer, 511 U.S. at 837.  Plaintiff alleges that he has suffered an ongoing serious skin condition that both recurs and has spread.  Based on the pleadings, testing and diagnosis as to the cause of the condition has not occurred (or has just occurred).  The Court, therefore, finds Plaintiff has set forth a viable civil rights claim.

---

[3] See Md. Code Ann., Cts. & Jud. Proc. 1, § 3-2A-01, et seq.

The Medical Defendants argue they are entitled to qualified immunity and cite to Filarsky v. Delia, 132 S.Ct. 1657, 1667-68 (2012). ECF No. 13-1. Filarsky overturned the denial of qualified immunity to an attorney who was retained by a city in California to assist in an internal investigation concerning a firefighter's potential wrongdoing. Id. at 1668. The Medical Defendants fail to demonstrate that Filarsky has been extended to contractual health care providers working in detention centers or correctional facilities. The Court will not extend the holding in Filarsky based on the record before it. Accordingly, the Court will deny the Medical Defendants' Motion to Dismiss.

**2. Defendant Shearin's Motion**

Because the Court will consider matters outside the pleading in resolving Shearin's Motion, it will be construed as a Motion for Summary Judgment. The Court notes Plaintiff makes no direct claim of improper or deficient medical care against Shearin, who was a prison administrator and not a medical care provider. At best, Plaintiff complains that Shearin should have done more to ensure that the Medical Defendants provided adequate treatment. As a non-medical correctional official, Shearin was entitled to rely on the medical judgment and expertise of prison physicians and medical staff concerning the course of treatment necessary for Plaintiff. Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990) (stating supervisory prison officials are entitled to rely medical personnel's expertise and may be found to have been deliberately indifferent by intentionally interfering with an inmate's medical treatment ordered by such personnel). Shearin did not interfere with Plaintiff's medical care; indeed, after Plaintiff filed an Administrative Remedy Procedure ("ARP") grievance that his rash was neglected, Shearin authorized an investigation into Plaintiff's care. ECF No. 23-4. The Court, therefore, will grant Shearin's Motion for Summary Judgment.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction (ECF No. 4) and the Medical Defendants' Motion to Dismiss (ECF No. 13) and Motion to Strike (ECF No. 27) are DENIED.  Defendant Shearin's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 23) is GRANTED.  Defendant "Amanda Swan" is dismissed.  The Medical Defendants shall further respond to the Complaint within 28 days.  A separate Order follows.

Entered this 10th day of February 2015

/s/
_____
George L. Russell, III
United States District Judge