## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANDREW JOSEPH DICKS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No.   ADC-14-1463** |
| | * | |
| **COLIN OTTEY, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Pending before this Court is Defendants' Colin Ottey, Kristi Cortez, Greg Flury, Dawn Hawk, James Hunt, Ava Joubert, Quinta Lum, Jennifer Bradfield, Kimberly Hienbaugh, Michelle Schultz, Krista Swan, Lisa Shell, (hereinafter collectively referred to as the "Individual Defendants") and Wexford Health Sources, Inc. (hereinafter referred to as "Wexford") Motion to Dismiss for Failure to State a Claim and/or Motion for Summary Judgment ("Defendants' Motion") (ECF No. 102). Also pending before this Court is Plaintiff Andrew J. Dicks's Motion for Other Relief pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 104). After considering the Motions, and responses thereto (ECF Nos. 102, 103, 104, 105), the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). In addition, the Court will DENY Plaintiff's Motion for Other Relief with respect to delaying consideration of the Motion for Summary Judgment, pursuant to Rule 56(d) (ECF No. 104) and, for the reasons that follow, Defendants' Motion to Dismiss for Failure to State a Claim and/or Motion for Summary Judgment (ECF No. 102) is GRANTED in part, and DENIED in part.

## BACKGROUND

On May 1, 2014 Andrew Joseph Dicks ("Plaintiff") initiated an action in this court claiming violations of Plaintiff's Eight Amendment rights and various state laws for tortious conduct and deliberate indifference related to Plaintiff's various medical needs. On July 1, 2016, Plaintiff filed a Motion for Leave to File a Second Amended Complaint and on July 25, 2016, the Court granted Plaintiff's request. Thereafter, on July 25, 2016, Plaintiff filed a Second Amended Complaint ("the Complaint") alleging: (1) Deliberate Indifference against Individual Defendants; (2) Deliberate Indifference against Wexford; (3) Medical Negligence against Individual Defendants; (4) Medical Negligence against Wexford; and (5) Intentional Infliction of Emotional Distress against both Individual Defendants and Wexford.[1] With regard to those claims, Plaintiff alleged that on numerous occasions between June 2012 and March 2014, Individual Defendants (1) refused to properly and completely examine Plaintiff's skin condition (skin lesions that had spread to various areas of his body); (2) misdiagnosed Plaintiff; (3) provided inadequate and/or ineffective treatment for Plaintiff's skin condition; and (4) refused to refer Plaintiff to an outside medical provider after discovering that they were ill-equipped to treat Plaintiff's skin condition.

On August 19, 2016, Defendant filed a Motion to Dismiss [Plaintiff's Complaint] for Failure to State a Claim and/or Motion for Summary Judgment ("Defendants' Motion") (ECF No. 102). On September 19, 2016, Plaintiff filed both a Response Motion in Opposition to Defendants' Motion to Dismiss and/or Motion for Summary Judgment (ECF No. 103) and a

---

[1] On October 9, 2015, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to a United States Magistrate Judge for all proceedings.

Motion for Other Relief pursuant to Rule 56(d) (ECF No. 104). On October 6, 2016, Defendants filed a Reply to Plaintiff's Opposition (ECF No. 105). This matter is now fully briefed and the Court has reviewed Defendants' Motions as well as Plaintiff's Responses.

## DEFENDANTS' ARGUMENTS RAISED

Defendants contends: (1) that the record does not support Plaintiff's claims of deliberate indifference (Counts I and II); (2) that Plaintiff has failed to state a claim against Wexford for deliberate indifference (Count II); and (3) that Plaintiff has failed to state a claim of intentional infliction of emotional distress (Count V). Defendants further argue that the Court should refuse to exercise supplemental jurisdiction over Plaintiff's state law claims (Counts III, IV, and V).

## STANDARD OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss

Defendants have moved to dismiss or, in the alternative, for summary judgment. "The purpose of a Rule 12(b)(6) motion [to dismiss] is to test the sufficiency of a complaint." *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (internal citation omitted). When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court is required to "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 474, 474 (4th Cir. 1997); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("in evaluating a 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint.") To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Ordinarily, a court cannot consider matters outside the pleadings or resolve fact disputes when ruling on a Rule 12(b)(6) motion. *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, if the court does consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d); *see also Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997). ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

"There are two requirements for a proper Rule 12(d) conversion." *Greater Baltimore Center for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013). First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which can be satisfied when a party is "aware that material outside the pleadings is before the court." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious"). "[T]he second requirement for proper conversion of a Rule 12(b)(6) motion is that the parties first 'be afforded a reasonable opportunity for discovery.' " *Greater Baltimore*, 721 F.3d at 281 (quoting *Gay*, 761 F.2d at 177).

4

Both requirements are satisfied here. First, Plaintiff was made aware that material outside the pleadings was before the court because Defendants' motion included numerous exhibits, including Plaintiff's medical records. Second, Plaintiff was afforded a reasonable opportunity for discovery, a fact made more evident by the Court's second amended scheduling order, proposed and stipulated to by the parties, extending discovery beyond the original June 15, 2016 deadline. ECF No. 82 (docketed June 13, 2016). Accordingly, Defendants' Motion shall be treated as a motion for summary judgment, and the court will consider the materials outside of the pleadings.

### B. Rule 56 Motion for Summary Judgment

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment but rather, there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) ("the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50.

The party seeking summary judgment bears the initial burden of either establishing that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. Ltd. v. Zenith, Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex*, 477 U.S. at 324.

In evaluating a motion for summary judgment, the Court must "view the facts in the light most favorable to the non-moving party." *Anderson*, 477 U.S. at 255; *see also United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion"). At the same time, the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 526 (4th. Cir. 2003) (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993)).

### ANALYSIS

### A. Deliberate Indifference

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. "[The Eighth Amendment] not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (noting that the Eighth Amendment protects against "deprivations" that are "suffered

6

during imprisonment"). Deliberate indifference to a prisoner's serious medical needs constitutes the type of inhumane treatment that is proscribed under the Eighth Amendment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment).

To succeed on an Eighth Amendment deliberate indifference claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison officials acted with a "sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). The objective component is satisfied by the existence of a "serious" medical condition. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided unqualified access to healthcare); *see Estelle*, 429 U.S. at 105. There is no evidence in the record regarding whether Plaintiff's skin condition met the burden of a "serious" medical condition, other than Plaintiff's unsupported description as such. Therefore, the Court makes no finding as to the seriousness of Plaintiff's chronic skin condition. However, we shall assume for the purposes of this motion that Plaintiff's condition is sufficiently serious to satisfy the objective component of his deliberate indifference claim and turn now to the subjective component.

The subjective component is satisfied by showing deliberate indifference to that "serious" medical need by prison officials. *See Wilson*, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835 (1994); *see Williams*, 77 F.3d at 761 (stating that "the subjective component requires proof of more than mere negligence but less than malice"). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "deliberate indifference" nor

can a complaint that a physician has been medically negligent in diagnosing or treating a medical condition suffice. *See Estelle*, 429 U.S. at 105-106. In essence, the medical treatment rendered must be so grossly incompetent or inadequate as to show a "reckless disregard" for a known serious medical risk. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (holding that "[a prison official] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *see Amos*, 126 F.3d at 610 (stating that "prison officials [must] know of and disregard an objectively serious condition, medical need, or risk of harm"); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) ("[t]rue subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Even if the requisite subjective knowledge is established, an official may still avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000) (citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)).

Importantly, because "the essential test is one of medical necessity and not simply that which may be considered merely desirable," inmates do not have a constitutional right to the treatment of their choice. *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Thus,

disagreements between an inmate and a physician over the inmate's proper medical care do not state a [42 U.S.C.] § 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3rd Cir. 1970)).

### Individual Defendants

With respect to his claim against Individual Defendants, Plaintiff contends that Individual Defendants did not provide him with adequate medical care to treat his chronic skin condition. Defendants have attached verified copies of more than 291 pages of Plaintiff's medical records to their Motion. *See* ECF No. 102-3 (Exhibit 1). In moving for summary judgment, Defendants contend that the medical record demonstrates that Plaintiff has received sufficient medical care and dispels Plaintiff's claim that Individual Defendants and Wexford were deliberately indifferent to his medical needs. *See* ECF No. 102. The Court agrees.

No question of fact exists as to the sufficiency of Plaintiff's medical care under the Eighth Amendment. The medical record is clear that Plaintiff received constant, on-going medical care and treatment for his reported chronic skin condition. During the relevant time where Individual Defendants provided medical care for Plaintiff's skin condition (June 16, 2012 through November 2015), the medical records reveal no significant delays in providing treatment, diagnostic evaluations, or follow-up care to Plaintiff and Plaintiff routinely received care within days of an initial request. Plaintiff was, in fact, examined and treated over 70 times by Individual Defendants and other medical personnel during the period at issue. *See* ECF No. 102-3. Plaintiff was also referred for additional diagnostic testing including a punch biopsy performed on May 17, 2013, sexually transmitted disease testing, and lab work to determine the cause of Plaintiff's skin symptoms. *See* ECF No. 102-3; ECF No. 102-5 (Exhibit 3). Plaintiff received extensive treatment for his skin symptoms including 16 different prescriptions and

received additional medical recommendations to improve hygiene, moisturization, diet, and sun protection. ECF No. 102-3 at 81, 111, 120, 126, 147, 175, 191, 198, 212, 219, 251, 259, 264, 267, 297, 323, 324, 344, 390, 396, 413, 415, 569, 583, 604, 681.

Despite that evidence, Plaintiff argues that Individual Defendants failed to properly diagnose his condition, failed to provide effective treatment for his symptoms, and that his symptoms often worsened following treatment. Plaintiff's factual allegations, however, find no support in the medical record. In fact, both the medical records and Plaintiff's own contemporaneous reports show that Plaintiff's symptoms typically appeared to subside or improve following treatment. *See* ECF No. 102-3; *Id.* at 576 (Plaintiff denied any health concerns or medication problems one month after being diagnosed with eczema and prescribed Hydrocortisone), 183 (Seven days after being prescribed Tolnafate for jock itch and rash, Plaintiff stated he was doing well and did not have any significant concerns), 350 (Plaintiff indicated that problem areas, including scalp and arms, were much improved after treatment), 390 (Plaintiff reported improvements following use of prescribed steroid cream), 631 (Plaintiff stated that prescribed cream was helpful); *see also* ECF No. 102-5 (Exhibit 3) ("[Plaintiff] reported that the lesions have improved after treatment."). Plaintiff's contention that he was refused examination by medical personnel similarly finds no support in the medical record. Further, given the chronic nature of Plaintiff's skin condition, the Court is not persuaded by Plaintiff's contention that his re-occurring symptoms over the relevant treatment period serve as sufficient evidence of medical ineffectiveness, let alone reckless disregard for Plaintiff's medical needs.

To be sure, Plaintiff disagrees with the course of medical care, but this does not amount to a matter of constitutional magnitude. At most, Plaintiff's allegations constitute a claim of

medical negligence against Individual Defendants' treatment of his chronic condition. The standard for 42 U.S.C. § 1983 liability is deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 104–05. Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983 and disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged. *Wright*, 766 F.2d at 849 (4th Cir. 1985). Here, there is no evidence in the medical record of exceptional circumstances rising to the level of § 1983 liability. In short, the fact that Plaintiff did not receive the consults and treatments of his choosing does not give rise to an Eighth Amendment claim.

### Wexford

With regard to Defendant Wexford, the medical record before the Court does not show any support for Plaintiff's allegations that Wexford maintained a policy or custom of deliberate indifference. As the foregoing summary of the Plaintiff's medical treatment demonstrates, Plaintiff was repeatedly seen by the medical staff at NBCI during the time period at issue. Each time he complained of pain or symptoms related to his chronic skin condition, he was promptly evaluated and received treatment in the form of various prescriptions and recommendations for skin care. While Plaintiff may disagree with the course of treatment, that fact does not give rise to an Eighth Amendment violation. *See Estelle* 429 U.S. at 106; *see also Wright v. Collins*, 766 F.2d 841 (4th Cir.1985) (finding that a disagreement between an inmate and a physician over the proper medical care did not establish a claim of deliberate indifference).

Additionally, to the extent Plaintiff contends that Wexford is liable for the actions of its employees under a theory of vicarious liability (respondeat superior), the law in the Fourth Circuit is well established that the doctrine of respondeat superior does not apply in § 1983

11

claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital,* 744 F.Supp. 986, 990 (E.D. Va. 1991).

### Conclusion (Counts I and II)

In conclusion, the medical record supplied by Defendants demonstrates that Plaintiff received timely and proper care for his recurrent skin condition. It is apparent from the record that the treatments Plaintiff received provided a degree of relief for his symptoms and that the overall maintenance and frequency of his chronic skin condition improved over time. Nothing in the medical record establishes any facts sufficient to support a finding that Individual Defendants or Wexford were deliberately indifferent to Plaintiff's serious medical needs. To the extent Plaintiff disagrees with the type or frequency of care provided to him, such assertions fail to establish the requisite deliberate indifference to support a claim of constitutional dimension. Accordingly as to Counts I and II of the Complaint, Defendants' Motion for Summary Judgment is GRANTED.

### B.  Intentional Infliction of Emotional Distress.

Defendants also move for summary judgment on Plaintiff's state law claim of intentional infliction of emotional distress. Under Maryland law, the elements of the tort of intentional infliction of emotional distress are: 1) intentional or reckless conduct; 2) that was extreme and outrageous; 3) the conduct caused plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe. *Harris v. Jones*, 281 Md. 560, 566 (1977). All four elements must be established to impose liability for intentional infliction of emotional distress. *Womack v. Eldridge*, 210 S.E.2d 145, 147-148 (1974).

12

Even viewing the medical records in the light most favorable to Plaintiff, the Court concludes that there is insufficient evidence to support all of the four elements set out in *Harris*. We focus particularly on the first and second elements requiring that Defendants' conduct be (1) intentional or reckless and (2) extreme and outrageous, respectively. Conduct is intentional or reckless where the defendant "desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct; or where the defendant acts recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow." *Id.* at 567. There is no evidence in the medical record to support an inference that Defendants' actions in treating Plaintiff's skin condition were motivated by a desire to inflict emotional distress on Plaintiff or carried out with reckless disregard for Plaintiff's emotional distress. In fact, the analysis of the section 1983 claim above reflects that Individual Defendants treated Plaintiff's medical needs promptly and those treatments often effectively alleviated Plaintiff's skin symptoms even if only temporarily.

The second requirement is that the conduct be extreme and outrageous. "For conduct to meet the test of 'outrageousness,' it must be 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Batson v. Shiflett*, 325 Md. 684, 734 (1992) (quoting *Harris*, 281 Md. at 567). Additionally, the conduct must completely violate human dignity. *See Dick v. Mercantile-Safe*, 63 Md.App. 270, 276 (1984) ("[E]xtreme and outrageous conduct exists only if the average member of the community must regard the defendant's conduct ... as being a complete denial of the plaintiff's dignity as a person.") (internal quotations omitted). The medical records of Plaintiff's treatment show no evidence of such extreme and outrageous conduct. To the contrary, Plaintiff received prompt and arguably effective treatment for his skin symptoms. The challenge

13

by Plaintiff to the treatment decisions made by Individual Defendants relate to the standard of care in choosing the proper course of treatment for Plaintiff's chronic skin condition but do not amount to intentional infliction of emotional distress. *Batson, supra; See also, Hamilton v. Ford Motor Credit Co.*, 66 Md.App. 46 (1986) (finding bad taste and poor judgment in connection with the collection of a lawful debt did not amount to extreme and outrageous conduct).

In order for Plaintiff's claim to survive summary judgment, Plaintiff must allege facts and provide medical documentation that tend to show that Defendants' conduct was (1) intentional or reckless and (2) extreme and outrageous. *Batson, supra.* Plaintiff has not done so. Plaintiff therefore fails to establish any genuine dispute of material fact regarding the existence of the first and second element of his intentional infliction of emotional distress claim. Therefore the Defendants' Motion for Summary Judgment as to Count V is GRANTED.

### C. Remaining Counts (Count III and Count IV)

Under the doctrine of supplemental jurisdiction, federal courts generally have discretion to retain or dismiss state law claims when the claims giving rise to original federal jurisdiction are dismissed. 28 U.S.C. § 1367. Section 1367(a) provides that in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

14

The court "may decline" to exercise supplemental jurisdiction in certain circumstances. 28 U.S.C. § 1367(c). In particular, a court has discretion to dismiss or keep a case when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (dismissal without prejudice of state law claims appropriate where federal claim is dismissed early in the case). Trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished. *See, e.g., Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993). Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Cohill*, 484 U.S. at 350 n. 7; *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir. 1993). Thus the doctrine of supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Cohill*, 484 U.S. at 350.

In their Motion for Summary Judgment, Defendants contend that, under the guidelines set forth in 28 U.S.C. § 1367(c), this Court should decline to exercise its supplemental jurisdiction over Plaintiffs' state law claims. Even though the Court has now dismissed Plaintiff's constitutional claims (Count I and Count II) and state law claim (Count V), the interests of judicial economy and fairness to the litigants compel this Court to exercise its supplemental jurisdiction over the remaining state law claims. The first complaint was filed in May of 2014 and the parties have conducted extensive discovery. This Court has provided an appropriate forum for this ongoing litigation and to remand the case to state court now some 30 months later, would only enlarge the time for litigation and expense to the parties and would not serve the

interests of justice. *See Gibbs*, 383 U.S. at 726. Therefore, Defendants' Motion to remand the state law claims is denied as to Counts III and IV and the Court shall retain jurisdiction over Plaintiff's remaining state law negligence claims. I would also note that the evidence presented to the Court taken in the light most favorable to the Plaintiff regarding the medical care provided by the Defendants (Counts III and IV) show that a genuine issue as to material fact exists to be decided by the trier of fact . Fed.R.Civ.P. 56(a); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore Summary Judgment as to Counts III and IV would not be appropriate.

CONCLUSION

For the foregoing reasons, the Court,

1) DENIES Plaintiff's Motion for Other Relief pursuant to Rule 56(d) with respect to delaying consideration of Defendants' Motion for Summary Judgment, and GRANTS Plaintiff's Motion to DENY Summary Judgment as to Counts III and IV only, as set forth herein;

2) GRANTS Summary judgment in favor of the Defendants as to Counts I, II and V; and,

3) DENIES Defendants' Motion as to Counts III and IV to dismiss and remand this case and will continue to exercise supplemental jurisdiction over Plaintiff's remaining state law negligence claims (Count III and Count IV). A separate order will follow.

Date: 30 November 2016

A. David Copperthite
United States Magistrate Judge